STATE

v.

Edward BOURBEAU.

No. 82–229–C.A.

Supreme Court of Rhode Island.

Feb. 18, 1983.

Dennis J. Roberts II, Atty. Gen., James P. Renaldo, Sp. Asst. Atty. Gen., for plaintiff.

William Reilly, Public Defender, Barbara Hurst, Paul Rosin, Asst. Public Defenders, for defendant.

## ORDER

This matter was before the court on February 9, 1983, on an order previously issued to the defendant to show cause why his appeal ought not to be dismissed. The defendant appeals from a Superior Court jury conviction for entering a dwelling house with intent to commit larceny in violation of G.L.1956 (1981 Reenactment) § 11–8–3.

In showing cause, the defendant was directed to address the following three issues. First, did the trial justice err in permitting in-court identification of the defendant by two witnesses; second, did the trial justice err in instructing the jury concerning reasonable doubt; and, third, did the trial justice err in permitting Arthur Beaulieu to testify concerning certain statements he had made to the defendant.

After hearing the parties, it is the conclusion of the court that cause was not shown. The trial justice did not err in allowing the in-court identification as both witnesses possessed an independent source from which they identified the defendant. *See Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *State v. Holland,* R.I., 430 A.2d 1263 (1981). Secondly, the trial justice correctly charged the jury concerning the reasonable doubt in light of *State v. Thorpe,* R.I., 429 A.2d 785 (1981). Finally, the trial justice did not err in permitting Arthur Bealieu to testify as his statements were not hearsay. They were not offered for their truth but merely to show that defendant had knowledge of the information. *See* McCormick, *Evidence* § 246 at 584 (1972 ed.).

The defendant's appeal is denied and dismissed.